PHELPS, Jr., v. MERRITT.

*(Circuit Court, S. D. New York. February 19, 1883.)*

SCHEDULE M, § 2504, REV. ST., CONSTRUED.

The words "the whole quantity" (schedule M, § 2504, Rev. St.) refer to merchandise shipped by one consignor from one place and to the particular kind of fruit damaged, and not to the whole invoice aggregating several varieties of fruit.

Memorandum of Decision.

*Mr. Jones* and *Mr. Heath*, for plaintiff.

*Mr. James*, Asst. Dist. Atty., for defendant.

COXE, J. I think the plaintiff is entitled to recover. The fair and reasonable interpretation of the statute is the one recently adopted

by the treasury department. The words "the whole quantity" are now construed "as referring only to the merchandise shipped by one consignor from one place, and to the particular kind of fruit damaged." I have examined with care the authorities cited, and am inclined to follow the decision of Ex-Attorney General MacVeagh, in the *Pohl Case,* (reported in Decisions of the Treasury Dept. Document No. 172, page 239,) as the latest expression on the subject. As I concur, not only in the conclusion reached by him, but also in the reasoning of the opinion, I have thought it unnecessary to enter into any extended discussion of the question involved, which is precisely similar in both cases.